The only question necessary for determination herein at this time is whether the evidence which has been adduced *Page 20 
is adequate to support a presumption of the death of Joseph Armstrong.
Our statute touching presumptions of death arising from an absence of seven years was originally adopted in 1797 (Pat.241) and has remained unchanged since that time except as to an amendment in 1895. P.L. 1895 p. 751. That amendment extended the provisions of the act to non-residents and added a provision touching concealment, but in no way changed its general nature, purpose or effect. The statute, as it now exists, provides as follows:
"That any person, whether resident of this state of not, who shall remain beyond sea or absent himself or herself from this state, or from the place of his or her last known residence, or conceal himself or herself in this state, or in the place of his or her last-known residence, for seven years successively, shall be presumed to be dead, in any case wherein his or her death shall come in question, unless proof be made that he or she were alive within that time." 2 Comp. Stat. p. 1904.
It has been determined in this court that this statute is to be understood as simply defining the limits and directing the application of the ancient rule of the common law and rendering the common law presumptions of death imperative. Osborne v.Allen, 26 N.J. Law 388; Burkhardt v. Burkhardt, 63 N.J. Eq. 479.
Alike by the common law rule and by our statute it is not the mere absence of a person beyond sea, or elsewhere, for the period of seven years that raises the presumption of death. Absence is meaningless in any concrete sense unless associated with some place from which the person is absent. Accordingly, it has been repeatedly held that the absence contemplated is absence from a person's home or last known place of abode. Treating the common law rule as a rule of evidence, Mr. Greenleaf says: "There must also be evidence of diligent inquiry at the place of the person's last residence in this country, and among his relatives, and any others who probably would have heard of him, if living, and also at the place of his foreign residence, if he was known to have had any." 2 Greenl. Evid. (Lewis' ed.) § 278-f. "Even where a *Page 21 
person whose existence is in question has remained beyond sea for seven years, if he had a known and fixed residence in a foreign country when he was last heard from, he ought not, in justice to be presumed dead, without some evidence of inquiries having been made for him at such known place of residence, without success."McCartee, Admr., v. Camel, 1 Barb. Ch. R. (N.Y.) 455,463. "To raise a presumption of death from long absence unheard of, it is necessary that the person in question shall have been absent from his place of residence. Thus, the absence of a person from his former place of residence for seven years does not raise a presumption of his death where it appears that he had moved to another place and there located, at least in the absence of evidence that inquiries have been made for him at his last known place of residence without success. The mere absence of a person from a place where his relatives reside, but which is not his own place of residence, without having been heard from by his relatives for seven years, does not raise any presumption of his death." 17 C.J. tit. "Death" 1170. "It is generaly held that the presumption of death after seven years' absence does not attach unless the absence is from the absent person's place of residence, and the mere absence of a person from a place where his relatives reside, not his own residence, and their failure to hear from him for seven years, are not sufficient to raise a presumption of his death. If a person removes from his domicile to establish a home for himself in another state or country, at a place well known, this is a change of residence only, and absence from the former domicile does not raise a presumption of death. If alive at his last domicile when last heard from, the presumption is that life continues." 8 R.C.L. tit. "Death" 709.
See, also, to same general effect, Policemen's Bene. Assn. v.Ryce, 213 Ill. 9, 17. The English authorities appear to be consistent with these views; so far as I have been privileged to examine them the general expression, not infrequently used, to the effect that death is presumed from seven years' absence, has reference to absence from the last known abode of the absent party. *Page 22 
The evidence in the case sub judice discloses that the absent defendant is a native of Ireland and has never been in this country; in the year 1900, when last heard from by his relatives, who reside in this country, he resided in England at a place in which he had theretofore resided for some twelve years; prior to the year 1900, from his home in England, he had corresponded regularly with his sister, who then resided in Troy, New York; at that time the correspondence ceased, without known cause; the last letter of the sister has never been answered; at this time the sister is unable to recall the name of the place in England where her brother resided when the correspondence ceased; in consequence, no inquiries have been made in England touching the address of the absent brother.
These facts are now urged in support of a presumption of death. So far as is known at this time the brother has never been away from the place where he resided when he was last heard from and may still reside there. The single circumstance that he has not written to his sister during the long period of time stated clearly is inadequate to import death; his failure to answer her last letter may have arisen from either of many causes, consistent with continuing life. To support a presumption of death all available means should be resorted to to ascertain whether the person is alive.
Relief of the nature sought must be denied.
NOTE. — Proceedings under the supplemental act of 1911, page 538, could not be entertained by reason of the non-residence of the absent defendant. *Page 23